**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4354**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GREGORY L. CLINE,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Martin K. Reidinger, District Judge. (2:11-cr-00009-MR-1)

―――――――――

Submitted: December 23, 2013     Decided: March 11, 2014

―――――――――

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Henderson Hill, Executive Director, Ross Hall Richardson, First Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory L. Cline took money from a donation box in the Great Smoky Mountains National Park and subsequently pled guilty, pursuant to a plea agreement, to tampering, in violation of 36 C.F.R. § 2.31(a)(1) (2013). At the end of Cline's allocution at sentencing, the magistrate judge asked Cline how much money he took from the donation box, to which he replied, "$57, sir." The magistrate judge sentenced Cline to fifty-seven days' imprisonment and $57 in restitution. Cline appealed his sentence to the district court and the district court affirmed the criminal judgment. Cline now appeals the district court's order.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning Cline's fifty-seven day sentence and asserting that the magistrate judge violated Cline's Fifth Amendment rights by questioning him at sentencing about how much money he took. Cline was advised of his right to file a pro se supplemental brief but he did not file one. The Government declined to file a brief.

A district court reviewing a bench trial conducted by a magistrate judge applies the same standards an appellate court applies in assessing a criminal judgment imposed by a district court. United States v. Bursey, 416 F.3d 301, 305 (4th Cir.

2

2005); see Fed. R. Crim. P. 58(g)(2)(D). In turn, our "review of a magistrate court's trial record is governed by the same standards as was the district court's appellate review." Bursey, 416 F.3d at 305-06.

Cline was sentenced for a "petty offense" to which the federal Sentencing Guidelines do not apply. See U.S. Sentencing Guidelines Manual § 1B1.9 (2010). "In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3553(a)(2) (2012)]." 18 U.S.C. § 3553(b)(1) (2012). Moreover, our review of "a sentence imposed for an offense for which there is no Guideline [examines] whether it is 'plainly unreasonable.'" United States v. Deffenbaugh, 709 F.3d 266, 274 (4th Cir. 2013) (citing 18 U.S.C. § 3742(a) (2012)).

With these standards in mind, we have reviewed Cline's sentence and conclude that it was not plainly unreasonable. We further conclude that the magistrate judge did not plainly err in asking Cline how much money he took from the donation box.[*]

---

[*] Because Cline did not object at the sentencing hearing to the magistrate judge's question, we review his Fifth Amendment challenge for plain error. United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013).

3

We have examined the entire record on appeal in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Cline, in writing, of the right to petition the Supreme Court of the United States for further review. If Cline requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cline. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>